Fari Bari Nejadpour
8333 Wilshire Boulevard, Suite 630
Beverly Hills, CA 90211
Telephone: (310) 954-9594
Defendant *Pro Se*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMMY CILING and ANKE CILING,<br><br>Plaintiffs,<br><br>vs.<br><br>F. BARI NEJADPOUR *et al.*,<br>Defendant. | Case No.: 8:25-CV-O1649-MRA-ADS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(b)(1) BASED UPON LACK OF SUBJECT MATTER JURISDICTION**<br><br>**Date: November 24, 2025**<br>**Time: 1:30 p.m.** |

TO PLAINTIFFS SAMMY CILING AND ANKE CILING, PLAINTIFFS *PRO SE*:

PLEASE TAKE NOTICE that on November 24, 2025, at 1:30 p.m. in the courtroom of the Honorable Judge Monica Ramirez Almadani, located at the Southern Division of the Central District of California, West 4th Street, Santa Ana, CA 92701-4516, Defendant F. Bari Nejadpour will move under Federal Rule of Civil Procedure 12(b)(1) to dismiss the action brought by Plaintiffs Sammy Ciling and Anke Ciling because the Court lacks subject matter jurisdiction, whether diversity jurisdiction or federal question jurisdiction.

Defendant makes the Motion because Defendants' Complaint fails to allege a cause of action based upon diversity jurisdiction since Defendant resides in California as do Plaintiffs. The Complaint also fails to allege a single cause of action alleging a federal question.

Defendant's Motion to Dismiss is based upon this Notice and Motion, on the attached Memorandum of Points and Authorities, on the accompanying Declaration of F. Bari Nejadpour, on the Court's records and files, and on such other and further matters as the Court may deem just and appropriate.

Dated: September 16, 2025.

/s/ *Fari Bari Nejadpour*
Fari Bari Nejadpour, Defendant *Pro Se*

MEMORANDUM OF POINTS AND AUTHORITIES

I. STATEMENT OF FACTS

Defendant F. Bari Nejadpour is former counsel for Co-Defendant Omid Mirjafari, *aka* Seyedjalil Firoozabadi. Defendant Nejadpour represented Mr. Firoozabadi in Los Angeles Superior Court Case No. 19STCV29553, *Firoozabadi v. Sammy Ciling et al*. On April 13, 2021, Mr. Nejadpour obtained a judgment on behalf of Mr. Firoozabadi after a four-day bench trial in the amount of $2,640,584.74 comprised of $1,638,732.24 in compensatory damages, $800,000 in punitive damages, and $210,842.50 in attorney's fees and costs.

After obtaining the judgment, Mr. Nejadpour, on behalf of Mr. Firoozabadi, commenced collection activities seeking, among other relief, the appointment of a receiver and a levy against Sammy Ciling and Anke Ciling's real property located at 23120 Carancho Road, Temecula, CA 92590. Mr. Nejadpour also recorded a judgment lien against the property and a UCC-1. The Cilings thereafter filed for bankruptcy protection, and collection activities ceased.

The Cilings now approximately over four (4 ½ ) years post judgment sue Mr. Firoozabadi and his new counsel, Debbie Sutz, Esq., for fraud on the Court, citing the wholly inapplicable All Writs Act, 28 U.S.C. sec. 1651; defective service (erroneously styled a violation of Due Process); quiet title, citing the inapplicable 28 U.S.C. sec. 2201, which actually deals with declaratory relief actions; fraudulent liens, a patently state-law cause of action; intentional infliction of emotional distress, another state-law claim; abuse of process, a state-law claim; conspiracy to defraud and a RICO claim based upon inapplicable criminal statutes, 18 U.S.C. secs. 1961 & 1962; and finally, a declaratory relief claim. Only the Third Cause of Action, the state-law claim to quiet title; the Fourth Cause of Action, the state-law claim for fraudulent liens; the Seventh Cause of Action, the state-law claim for conspiracy; and the Eighth Cause of Action, the state-law claim for declaratory relief allege claims versus Mr. Nejadpour.

Additionally, Plaintiffs Sammy Ciling and Anke Ciling reside in Temecula, California. Defendant Nejadpour resides in Los Angeles, California. Defendant Firoozabadi resides in Irvine, California. Hope & Trust Trading, Inc., is a California corporation having its principal place of business in Irvine, California. In summary, all the parties are residents of California, and the Cilings' action lacks diversity of citizenship.

Defendant Nejadpour therefore moves the Court under Federal Rule of Civil Procedure 12(b)(1) to dismiss the case as to Mr. Nejadpour because the Court lacks subject matter jurisdiction.

II. ARGUMENT

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted); see also *Advanced Integrative Medical Science Institute, PLLC v. Garland,* 24 F.4th 1249, 1256 (9th Cir. 2022).

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp*., 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Edison v. U.S*., 822 F.3d 510, 517 (9th Cir. 2016). A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id*. "A jurisdictional challenge is factual where the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013). A factual attack on the plaintiff's assertion of jurisdiction "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). *See also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012).

In this case, Plaintiffs Sammy and Anke Ciling's Third, Fourth, Seventh and Eighth Causes of Action versus Mr. Nejadpour all either allege state-law claims, lack diversity, or constitute lack the interstate nexus for federal subject matter jurisdiction.

For example, Plaintiffs' Third Cause of Action to quiet title, Fourth Cause of Action for fraud, and Seventh Cause of Action for conspiracy are all state-law claims and do not therefore give rise to federal question jurisdiction. The Eighth Cause of Action for declaratory relief creates a remedy, not a substantive cause of action. 28 U.S.C. sec. 2201. As such, this Court lacks subject matter jurisdiction because Plaintiffs' claims do not present a federal question.

As set forth in the accompanying Declaration of Fari Bari Nejadpour, Defendant Firoozabadi resides in Irvine, California; Hope & Trust Trading, Inc., is a California Corporation having its headquarters in Irvine, California; and Defendant Nejadpour resides in Los Angeles, California. The Cilings acknowledge that they reside in Temecula, California. As such, the action against Defendant Nejadpour at a minimum lacks complete diversity. Indeed as to all Defendants, the action lacks diversity of citizenship, at all. 28 U.S.C. sec. 1332(a).

In summary, this Court should dismiss the action by Sammy and Anke Ciling against Defendant Nejadpour because the Court lacks subject matter jurisdiction since the action does not involve a federal question or present diversity of citizenship.

## III. CONCLUSION

For the reasons stated above, the Court should dismiss the action as to Defendant Nejadpour because the Court lacks subject matter jurisdiction.

Dated: September 16, 2025.

/s/ *Fari Bari Nejadpour*
Fari Bari Nejadpour, Defendant *Pro Se*

## DECLARATION OF FARI BARI NEJADPOUR

I, Fari Bari Nejadpour, declare as follows:

1, I am the former attorney for Defendants Seyedjalil Firoozabadi and Hope & Trust Trading, Inc. I am also named as a Defendant. I am appearing in this action *pro se*.

2. I make my Declaration in support of my Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1). I have personal knowledge of the matters stated in my Declaration and could competently testify about those matters if called as a witness.

3. I am former counsel for Co-Defendant Omid Mirjafari, *aka* Seyedjalil Firoozabadi, and Hope & Trust Trading, Inc. I represented Mr. Firoozabadi and his company in Los Angeles Superior Court Case No. 19STCV29553, *Firoozabadi v. Sammy Ciling et al*. On April 13, 2021, Mr. Nejadpour obtained a judgment on behalf of Mr. Firoozabadi after a four-day bench trial in the amount of $2,640,584.74 comprised of $1,638,732.24 in compensatory damages, $800,000 in punitive damages, and $210,842.50 in attorney's fees and costs.

4. After obtaining the judgment, I, on behalf of Mr. Firoozabadi, commenced collection activities seeking, among other relief, the appointment of a receiver and a levy against Sammy Ciling and Anke Ciling's real property located at 23120 Carancho Road, Temecula, CA 92590. I also recorded a judgment lien against the property and a UCC-1. The Cilings thereafter filed for bankruptcy protection, and collection activities ceased.

5. The Cilings now approximately over four (4 ½ ) years post judgment sue Mr. Firoozabadi and his new counsel, Debbie Sutz, Esq., for fraud on the Court, citing the wholly inapplicable All Writs Act, 28 U.S.C. sec. 1651; defective service (erroneously styled a violation of Due Process); quiet title, citing the inapplicable 28 U.S.C. sec. 2201, which actually deals with declaratory relief actions; fraudulent liens, a patently state-law cause of action; intentional infliction of emotional distress, another state-law claim; abuse of process, a state-law claim; conspiracy to defraud and a RICO claim based upon inapplicable criminal statutes, 18 U.S.C. secs. 1961 & 1962; and finally, a declaratory relief claim. Only the Third Cause of Action, the state-law claim to quiet title; the Fourth Cause of Action, the state-law claim for fraudulent liens; the Seventh Cause of Action, the state-law claim for conspiracy; and the Eighth Cause of Action, the state-law claim for declaratory relief allege purported claims versus me, individually.

6. Additionally, Plaintiffs Sammy Ciling and Anke Ciling reside in Temecula, California. Defendant Nejadpour resides in Los Angeles, California. As a result, there cannot be complete diversity of citizenship. Moreover, I have investigated and determined that Defendant Firoozabadi resides in Irvine, California. Hope & Trust Trading, Inc., is a California corporation

having its principal place of business in Irvine, California. In summary, all the parties are residents of California, and the Cilings' action entirely lacks diversity of citizenship.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I executed my Declaration on September 16, 2025, at Beverly Hills, California.

/s/ *Fari Bari Nejadpour*
Fari Bari Nejadpour, Defendant *Pro Se*