**SAMMY CILING**
**23120 Carancho Road,**
**Temecula, CA 92590**
**Tel: 951-552-1122 |**
**Email: sciling@gmail.com**
**Plaintiff, Pro Se**

FILED
CLERK, U.S. DISTRICT COURT
10/6/2025
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**SAMMY CILING, ANKE CILING**

**Plaintiff,**

**v.**

**OMID MIR JAFARI (fka SEYEDJALIL MIRJAFARIFIROOZABADI),**
**HOPE & TRUST TRADING, INC.,**
**DEBBIE SUTZ,**
**F. BARI NEJADPOUR,**
**and DOES 1–50, inclusive,**
**Defendants.Defendants.**

**CASE NO: 8:25-CV-01649-MRA-ADSX**
**Hon. Monica Ramirez Almadani,**
**U.S. District Judge**

**Filed Oct. 06 2025**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

## I. INTRODUCTION

This case is not a collateral attack on a state court judgment, as Defendants would have it. This case is based upon separate, ongoing violations of federal constitutional rights and fraud that occurred outside the judgment due to false identities, fictitious entities and criminals' courts.

28 U.S.C. § 1331 and § 1332 confer proper jurisdiction over this matter and Defendants' motions should be denied.

## II. STATEMENT OF RELEVANT FACTS

Defendant Omid Mir Jafari (Previously Seyedjalil Mirjafarifiroozabadi) used false names and fictitious businesses ("Hope and Trust Trading, Inc.") which are still nonexistent, litigated during the relevant time.

Before any litigation occurred, Omid Jafari misrepresented himself to Plaintiffs as a licensed radiologist, executing a professional services contract therefore as Dr. Omid Firoozabadi, M.D., Ph.D. He was never a licensed physician at any time in any state at any age. Thus, under his misrepresentation, Plaintiffs transferred an ownership interest in their imaging center to him as a misrepresentation.

Defendants' continuing use of false identities and filings in subsequent courts further exemplifies the pattern of extrinsic fraud depriving Plaintiffs of a fair process
This representation created judgments that were subsequently used to take away property.

Such issues were brought to state court, and on numerous occasions state court denied such issues citing fraud not needing an appeal.

Such fraud is found without merit in state court as Defendants recorded liens against

properties, indicated ownership over personal property, and seeks to divorce homestead property against Plaintiffs without establishing via accounting.

Thus, the need for relief for fraud upon the court and constitutional injury.

## III. LEGAL STANDARD

### A. Jurisdiction Exists Under 28 U.S.C. §§ 1331 and 1332.

28 U.S.C. § 1331 grants jurisdiction because Plaintiffs allege violations of their constitutional due process rights actionable under 42 U.S.C. § 1983.

Diversity jurisdiction also exists under 28 U.S.C. § 1332. Tekfur LLC is a citizen of South Dakota for diversity purposes, as both its formation and principal business address are in South Dakota, while all Defendants are citizens of California. The amount in controversy exceeds $75,000. Diversity of citizenship is determined at the time the complaint is filed and is not affected by later inactivity of an entity. *Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).*

The inactive Nevada entity, Sanath Inc., does not defeat diversity jurisdiction. See *Greenspan v. LADT LLC, 191 Cal. App. 4th 486, 523 (2010)* (holding that a suspended or inactive corporation does not destroy diversity when the parties otherwise satisfy § 1332).

### B. The Rooker-Feldman Doctrine Does Not Bar This Action.

The Rooker-Feldman doctrine seeks to bar an action that would otherwise be a de facto appeal from a state judgment. Here, Plaintiffs are not seeking the merits of a state finding but are seeking relief for ***extrinsic fraud*** and a due process violation relating to fraud, which the

Ninth Circuit specifically states the Court has jurisdiction to entertain *Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004); Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).*

**C. Res Judicata Does Not Bar This Action.**

Res Judicata bars claims stemming from the same cause of action; here there was no cause of action for identity fraud post-judgment and forged filings and forcible court proceedings used ex parte for improper enforcement purposes against intertwined parties was never part of the litigation process.

The wrongs are new wholistically with each act constituting fraud in its own right *Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005).*

**D. These Claims Are Valid Federal Claims Due to Due Process Violations and Fraud.**

Defendants committed fraud before the litigation even started when Omid misrepresented himself as a licensed radiologist to obtain financial control over Plaintiff's medical imaging business.

According to The California Medical Board licensure check which he has admitted he has never possessed a license to practice medicine in any state at any time.

This act constituted fraud triggering four years of fraudulent filings through court, names used with Sutz's support and active abuse of process accumulated between court rooms and the law seeking equity of a property through depriving Plaintiffs of said property without due process under color of law.

Courts recognize this kind of action via the Federal common-law fraud standard and §1983. See *Hazel-Atlas Glass Co. v Hartford-Empire Co., 322 U.S. 238 (1944) (based on fraud upon*

*the court both courts proceed in federal jurisdiction with judgments that are voidable and avoidable) Kougasian v TMSL Inc., 359 F3d 1136 (9th Cir 2004).*

**E. Standing Exists.**

Injuries including deprivation of property interests and not just abstract interests that are denied in fraudulent liens or motions to divorce homestead equity sought from homesteads or homestead interests are direct injuries traceable to Defendants that can be compensated for with monetary damages or equitable relief.

*Lujan v Defenders of Wildlife, 504 U.S. 555 (1992).*

**F. For Example: Concealment of the Homestead Exemption Order.**

On June 1, 2023, the Los Angeles Superior Court entered a judgment for a homestead exemption by second amended motion in conditions from more than one year with same parties. This was a final ruling.

Afterwards, however, Debby Sutz filed an ex parte application to expunge the homestead exemption in Riverside Superior Court, concealing the fact that another judge already issued the exemption.

This second judge granted this relief even though he was unaware that another Judge gave the exemption which essentially set out cause for poor judgment although that other judge never provided such relief after hearing it.

This type of concealment amounts to extrinsic fraud: a party prevents an adversary from a fair hearing and here, where no cause exists on the merits of litigation, or requires Final Judgments of another court Judge.

Thus, this is independent from and collateral to the state-court judgment *Kougasian v TMSL Inc.,359 F3d1140(9th Cir2004)*.

Here Plaintiffs are not challenging either judge's findings but instead are challenging Sutz' wrongful concealment of final judgments against her for improper intent for inappropriate equity finding which violates Federal Due Process.

Thus the difference between these two homestead findings shows this continuing pattern of fraud upon the courts that this action believes should be properly entertained at the federal level.

## IV. CONCLUSION

Thus where continuing constitutional viability exists for decision making actively apart from any state court ruling on this matter compounded by fraud, ***28 U.S.C. §§ 1331 and 1332*** arise proper jurisdiction over this matter and Defendants motions based on frivolous considerations of applications should be DENIED at length so that this matter proceeds into discovery.

Dated: October 6, 2025

Respectfully submitted,

/s/ Sammy Ciling, Plaintiff (Pro Se)
/A/Anke Ciling, Plaintiff (Pro Se)

23120 Carancho Road Temecula CA 92590
sciling@gmail.com Tel: (951) 552-1122

**PROOF OF SERVICE**

United States District Court – Central District of California

Case Name: Ciling et al. v. Jafari et al.

Case No: 8:25-CV-01649-MRA-ADSX

I am the plaintiff in this action, a resident of the State of California, over the age of 18 years.

I reside at: 23120 Carancho Road, Temecula, CA 92590, Email: sciling@gmail.com

On October 06, 2025, I served the following document:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

by electronically filing the document with the Clerk of the Court via CM/ECF system which will e-notice the same to all registered e-filers in this case, including:

Debbie Sutz, Attorney for Defendant Omid Mir Jafari

F. Bari Nejadpour, Defendant Pro Se

Hope & Trust Trading, Inc., Defendant

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 6th day of October, 2025, at Temecula, California.

Debbie Sutz, Esq.

24748 Long Valley Road

Hidden Hills, CA 91302

Tel: (310) 874-4799

Served via U.S. Mail and Email (debbiesutz@gmail.com)

F. Bari Nejadpour, Esq.
8383 Wilshire Boulevard,
Suite 630
Beverly Hills, CA 90211
Telephone: (310) 954-9595

Served via U.S. Mail
Served via U.S. Mail and Email (nejadpour@lalawinc.com)