UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 8:25-cv-01649-MRA-ADS | Date | October 22, 2025 |
|---|---|---|---|
| Title | *Sammy Ciling et al. v. Omid Mir Jafari et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

Melissa H. Kunig
Deputy Clerk

None Present
Court Reporter

Attorneys Present for Plaintiffs:
None Present

Attorneys Present for Defendants:
None Present

**Proceedings:** (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CASE [24] AND DEFENDANT'S MOTION TO DISMISS [25]

Before the Court is the Motion to Dismiss filed by Defendants Omid Mir Jaffari, Hope & Trust Trading, Inc., and Debbie Sutz, ECF 24, and the Motion to Dismiss filed by Defendant F. Bari Nejadpour, ECF 25. The Court read and considered the moving, opposing, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motions.

I.  BACKGROUND

Plaintiffs Sammy Ciling and Anke Ciling, proceeding *pro se*, filed this case on July 28, 2025, against Defendants Omid Mir Jafari (f/k/a Seyedjalil Mirjafarifiroozabadi) ("Jafari"), Hope & Trust Trading, Inc. ("Hope & Trust"), Debbie Sutz ("Sutz"), F. Bari Nejadpour ("Nejadpour"), and Does 1-50. ECF 1. Plaintiffs allege that they are owners of multiple real estate assets and business interests in California. *Id.* at 2. They allege that Jafari and his legal counsel, Sutz, perpetrated a "multi-year scheme of litigation fraud, identity deception, and property theft." *Id.* Plaintiffs allege that Defendants have "perpetrated a fraud on multiple courts, including the Los Angeles County Superior Court, Riverside County Superior Court, and San Diego County Superior Court, by deliberately filing lawsuits and declarations under a false name, 'Seyedjalil Firoozabadi,' which was never a legal name of Defendant Omid Mir Jafari." *Id.* at 3.

The complaint references default judgments obtained by Defendants in California state court. *Id.* at 5–6. Plaintiffs allege that these judgments were "obtained through fraud, defective service, identity concealment, and false declarations." *Id.* at 5. Plaintiffs also allege that Defendants recorded fraudulent liens with the California Secretary of State, which falsely claim debt obligations not owed by Plaintiffs. *Id.* at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 8:25-cv-01649-MRA-ADS | Date | October 22, 2025 |
|---|---|---|---|
| Title | *Sammy Ciling et al. v. Omid Mir Jafari et al.* | | |

Based on these allegations, the complaint asserts eight causes of action: (1) fraud on the court, (2) due process violations, (3) quiet title, (4) fraudulent lien filing, (5) intentional infliction of emotional distress, (6) abuse of process, (7) civil conspiracy under the Racketeer Influenced and Corrupt Organizations (RICO) Act, and (8) injunctive and declaratory relief. Among other things, Plaintiffs ask this Court to declare void and unenforceable judgments entered in California state court, quiet title in Plaintiffs' favor on two real properties, enjoin Defendants from enforcing the state judgments, and expunge fraudulent UCC liens filed by Defendants. *Id.* at 12.

On August 18, 2025, Plaintiffs filed an Ex Parte Application for a Temporary Restraining Order, seeking relief to "prevent imminent and irreparable harm from enforcement of a void and unconstitutional judgment issued in Riverside Superior Court Case No. CVSW2207261." ECF 16 at 2. On August 29, 2025, the Court denied the Application, concluding that the Anti-Injunction Act, 28 U.S.C. § 2883, barred the relief sought by Plaintiffs. ECF 23.

On September 11, 2025, Jafari, Hope & Trust, and Sutz filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 24. On September 16, 2025, Nejadpour filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF 25. Plaintiffs opposed. ECF 27; ECF 32.

## II.   LEGAL STANDARDS

### A.   Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing [jurisdictional] elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because jurisdictional elements are "not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

### B.   Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01649-MRA-ADS | Date | October 22, 2025 |
|---|---|---|---|
| Title | *Sammy Ciling et al. v. Omid Mir Jafari et al.* | | |

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court "must accept as true all of the allegations contained in a complaint," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Ninth Circuit has held that civil RICO fraud claims are subject to Federal Rule of Civil Procedure 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). This heightened standard requires plaintiffs to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1989) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

A *pro se* pleading shall be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The court has an obligation to afford the *pro se* complainant "the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). There are generally two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in "controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. To exercise diversity jurisdiction, complete diversity is required, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01649-MRA-ADS | Date | October 22, 2025 |
|---|---|---|---|
| Title | *Sammy Ciling et al. v. Omid Mir Jafari et al.* | | |

defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Defendants argue that diversity jurisdiction does not exist because all parties are citizens of California. ECF 24 at 8; ECF 25 at 2. Plaintiffs do not meaningfully contest this point—rather, they argue that "[d]iversity is irrelevant" because "a federal question anchors the case." ECF 27. Specifically, Plaintiffs argue that the Court has federal-question jurisdiction over their RICO claim, and the Court has supplemental jurisdiction over the other state law claims. ECF 27 at 7.

Because Plaintiffs' RICO claim is the only basis for jurisdiction, the Court considers whether Plaintiffs have adequately pled that claim. "The RICO statute sets out four elements: a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing 18 U.S.C. § 1962(c)). "In addition, the conduct must be (5) the proximate cause of harm to the victim." *Id.* (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496–97 (1985)). The racketeering element requires a "predicate act" as articulated by 18 U.S.C. § 1961(1). To survive a motion to dismiss, Plaintiffs' RICO claim must be pled with particularity under Rule 9(b). *Frontera Television Network LLP v. Sada*, No. EDCV1200920VAPDTBX, 2013 WL 12379457, at *3 (C.D. Cal. Feb. 14, 2013).

The Court concludes that Plaintiffs' complaint does not adequately state a RICO claim. Although Plaintiffs identify several alleged acts purportedly related to a scheme by Defendants, Plaintiffs do not allege that Defendants committed any of the enumerated offenses that would constitute "racketeering activity" within the meaning of the RICO statute. 18 U.S.C. § 1961; ECF 1 at 10. Moreover, Plaintiffs' conclusory assertions that Defendants engaged in various acts of fraud, without specifying the "time, place, and specific content" of the allegedly false statements, is insufficient to plead fraud with particularity. *Edwards*, 356 F.3d at 1066.

Aside from these pleading defects, insofar as Plaintiffs' RICO claim asserts "injuries caused by state court judgments rendered before" proceedings in this Court commenced, such a claim is barred by the *Rooker-Feldman* doctrine. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). Plaintiffs' complaint identifies several alleged acts of fraud and deception engaged in by Defendants in connection with underlying state court litigation and the judgments entered in two state cases. ECF 1 at 10. This Court is without jurisdiction to exercise appellate review over those judgments. *Henrichs*, 474 F.3d at 613. The Court is also skeptical that Plaintiffs can rely on the "extrinsic fraud" exception to the *Rooker-Feldman* doctrine, because it appears that the alleged fraud—*i.e.*, the use of false names, submitting false declarations, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01649-MRA-ADS | Date | October 22, 2025 |
|---|---|---|---|
| Title | *Sammy Ciling et al. v. Omid Mir Jafari et al.* | | |

improper service—to the state "*already was litigated* in a state action to vacate the purportedly erroneous judgment." *McNeley v. Sheppard, Mullin, Richter & Hampton LLP*, No. 218CV08766WMFMAA, 2019 WL 1371153, at *8 (C.D. Cal. Feb. 28, 2019); ECF 24 at 82 (Plaintiffs' Motion to Vacate Void Judgment filed in LA County Superior Court, raising issues related to false names and fraudulent liens).

The Court therefore concludes that Plaintiffs have failed to adequately plead a RICO claim, and that to the extent the RICO claim constitutes an attempt to seek federal review of claims and issues presented to and ruled upon by California state courts, it is barred by the *Rooker-Feldman* doctrine. The Court therefore **GRANTS** Defendants' Motion to Dismiss Plaintiffs' RICO claim.

Because the Court has dismissed Plaintiffs' only federal claim, it declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Brady v. Delta Energy & Commc'ns Inc.*, 598 F. Supp. 3d 865, 874 (C.D. Cal. 2022). Defendants' Motion to Dismiss for Lack of Jurisdiction is therefore **GRANTED** and Plaintiffs' state law claims are dismissed for lack of subject matter jurisdiction.

Although the Court is skeptical that Plaintiffs can amend the Complaint to cure the deficiencies identified herein, the Court nevertheless **GRANTS** Plaintiffs the opportunity to amend their Complaint consistent with all Rule 11 obligations. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original [pleading]." (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)). Any amended complaint shall be filed within **21 days** of the date of this Order. Defendant shall attach to the amended complaint a redline copy reflecting all additions and deletions of material from the Complaint. If an amended Complaint is not timely filed, the Court may dismiss this action.

## IV.   CONCLUSION

Defendants' Motions to Dismiss are **GRANTED**. Plaintiffs' Complaint is **DISMISSED with leave to amend.**

**IT IS SO ORDERED.**

Initials of Deputy Clerk   mku